SCHOTT, Judge.
This appeal by the executor of the Succession of Mrs. Flora Villere[1] questions the sufficiency of proof in support of plaintiff’s claim against the succession for a commission on the sale of a dragline. He attacks the judgment both on inconsistencies in plaintiff’s own testimony and on the failure of the evidence to comply with the requirements of LSA-R.S. 13:3721, 13:3722.
Plaintiff’s evidence consisted principally of his own testimony and that of his employee, Albert Butler.
*48 Plaintiff testified: Mrs. Villere engaged plaintiff to remove broken down machinery from and generally to clean up certain bat-ture which she owned. Plaintiff’s workers cut and removed steel which they sold for scrap as payment for their services. Also located on the batture was the dragline which had not been used for two years. She had been offered $12,000.00, but he advised that a better price could be obtained if the machine were repaired and placed in working order. She employed him to repair the machinery and to sell it with a commission to him on the sale. After discussing the sale and commission on several occasions, they went together to a dealer of such equipment where they were advised that 10% was a fair commission. After repairing the machine, he came in contact with someone who was looking for a drag-line, and he demonstrated the machine. Plaintiff quoted a price of $16,000.00 and was offered $15,000.00. When he informed Mrs. Villere, she wanted to sell at that price.[2] Plaintiff received a $15,000.00 check payable to Mrs. Villere from the purchaser and helped load the equipment on the purchaser’s truck. Mrs. Villere deposited the check on March 1, 1974, and paid his itemized bill, also dated March 1, for the costs for moving and repairing the dragline with a check on the account of the corporation which owned the dragline.[3] Mrs. Villere then left to go out of state, promising to send him a check for the commission. Plaintiff’s March 1 bill made no mention of any commission and on March 26, as soon as plaintiff learned of Mrs. Villere’s death, he sent a Bill for the commission to the attorney for her succession.
Butler testified: On several occasions during January, 1974, he heard Mrs. Vill-ere offer to pay plaintiff a commission if he obtained a sale for the dragline. Later in January he drove plaintiff and Mrs. Villere to a dealer to determine the proper amount of commission when Mrs. Villere stated she would pay plaintiff a 10% commission if he obtained a sale. After that trip he never saw Mrs. Villere again.
The executor makes much of various inconsistencies with reference to the date of the alleged agreement between him and decedent in plaintiff’s testimony at trial, the allegations of his petition, his answers to written interrogatories and his testimony at his deposition taken a year before trial. Regardless of what importance we might attach to these inconsistencies[4] the trial judge was apparently unimpressed. He concluded that the fact plaintiff couldn’t remember the date of the “agreement” and referred to an obviously wrong date in pleadings and discovery was ultimately of little significance and he found that Butler was “utterly honest and clear in his recollection” of Mrs. Villere’s offer. For our purposes we accept the trial judge’s findings but conclude that his judgment must be reversed as a matter of law.
Mrs. Villere’s liability, if any, was based on a contract which came about in two steps: 1) an offer by her to pay a sales commission, and 2) acceptance by plaintiff when he obtained a sale at a price acceptable to her. Plaintiff thus had the burden to prove both her offer of a commission for the service and his acceptance by performance of the requested service.
Applicable to this case are the proof requirements of LSA-R.S. 13:3721, and 13:3722. § 3721 provides the circumstances under which parol evidence is admissible to prove the debt or liability of a deceased person. Concededly, parol evi *49 dence was admissible in the present case. However, § 3722 provides:
“When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.”
Because of these requirements, it was necessary for plaintiff to prove both elements, to wit, the offer and the acceptance which gave rise to Mrs. Villere’s liability, by the testimony of at least one “creditable” witness, other than himself, and other corroborating circumstances. As to the first element, Butler’s testimony satisfied the statute as to testimonial proof of the offer, and the moving, repair and sales of the dragline constituted corroborating circumstances.
However, Butler’s testimony supplied no direct proof of plaintiff’s connection with sale of the dragline. His testimony only established that plaintiff secured the labor and parts to repair the dragline (for which a bill was presented and paid), that the purchaser and his mechanic stayed for some time at the motel which plaintiff owned, that he (Butler) took the purchaser several times to see the machine, and that he was with them on the day the purchaser bought the machine and loaded it.[5]
Butler’s testimony did not establish that plaintiff secured the purchaser or had anything to do with the sale. Neither the purchaser, his agent, nor the mechanic were offered as witnesses. Plaintiff’s only other witness as to pre-sale events testified only about moving the dragline from the batture across the levee. Therefore, the only testimony directly connecting plaintiff with the sale was the testimony of plaintiff himself.
Inasmuch as an essential element of Mrs. Villere’s liability (that plaintiff accepted her offer by performing the requested service) was not “proved by the testimony of at least one creditable witness other than the claimant,” we conclude the proof was insufficient to comply with the statute.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of defendant, Francis C. Doyle, Dative Testamentary Excecutor of the Succession of Flora Mary, widow of Walter P. Villere, Sr., and against plaintiff, Robert O. Landry, dismissing his suit at his cost.
REVERSED AND RENDERED
REDMANN, J., concurs with written reasons.
LEMMON, J., dissents with written reasons.

. The named defendant resigned her position as administratrix shortly before trial and the newly appointed dative testamentary executor was substituted as defendant at the trial.

.Interestingly, had the dragline been sold for $12,000.00 Mrs. Villere would have been better off than she would be under plaintiff’s version. She paid plaintiff $2088.75 to repair and remove the dragline, and according to plaintiff would owe a commission of $1500.00, leaving her a net of under $11,500.-00.

. Although a corporation owned the dragline, the trial court found that Mrs. Villere had not disclosed her representative status and held her personally liable.

. It is well to note here that plaintiff was 83 years of age at the time of the trial.

. Butler’s complete testimony as to the sale was:
“Q. Now, did you ever see Ralph Louis and a mechanic come out to look at this machine?
“A. Yes, sir. That was the fellows that bought it. They lived at the motel quite some time. Matter of fact, I carried them over to it to show them to it and from that time on they would make trips back and forward to this place and the day they bought the machine and loaded it, I was with them that day also.”